[2] The plaintiff's place of business was in Massachusetts. The correspondence between the parties constituted the contract pursuant to which the milk was sold. This contract makes it clear that the milk was sold "f. o. b. Boston." There is no proof before the court that the law of Massachusetts on this subject is different from the common law. In the absence of proof to the contrary, the presumption which must guide our determination is that the common law still obtains in Massachusetts. "There is no presumption," said Chief Judge Cullen in Robb v. Washington & Jefferson College, 185 N. Y. 485, 496, 78 N. E. 359, 363, "that our statute law prevails in other states. The presumption is that the common law there obtains."

So far as the plaintiff is concerned, it did no act in this state which was contrary to law. It is not unlawful, under this statute, to send or bring into this state condensed milk manufactured from skimmed milk. At most, this is all the plaintiff can be charged with having done. It is, however, unlawful under this statute to sell or expose for sale such "condensed skim milk" in this state. Against this statute, not plaintiff, but the defendant, has offended. It was a corporation organized under the laws of this state, and it contracted with a corporation of a foreign state to have condensed milk manufactured from skimmed milk sent into this state, so that it could expose it for sale here contrary to law. Not only did defendant receive these goods, but it concededly sold them in this state in violation of law. The evidence conclusively shows that the defendant knowingly violated the law of this state and committed an act which is denounced by our statute as a crime. Having sold the goods to its customers in this state, it now turns informer, and attempts to cheat its creditor out of the price which it agreed to pay.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

---

**FOY v. CITY OF NEW YORK et al.**

(Supreme Court, Appellate Division, First Department. April 21, 1911.)

MUNICIPAL CORPORATIONS (§ 225*)—FIRE DEPARTMENT.

   The fire commissioner of the city of New York, in the absence of statute prohibiting it, has power to permit the Manhattan Fire Alarm Company, in the discharge of its business, to connect its wires with the city fire alarm telegraph system, so as to communicate an alarm of fire directly to fire headquarters, instead of compelling notice to be given by pulling the signal in the fire alarm box in the usual way, thus saving time; this not being the loaning or granting of property by the city to a private corporation.

   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 225.*]

Appeal from Special Term, New York County.

Action by James Foy against the City of New York, its Fire Commissioner, and the Manhattan Fire Alarm Company. From an adverse judgment, plaintiff appeals. Affirmed.

See, also, 128 App. Div. 930, 113 N. Y. Supp. 1132.

---

The opinion of Dowling, J., in the court below is as follows:

The plaintiff herein, upon the opening of the trial of this action, abandoned any attempt to prove fraud, collusion, or bad faith upon the part of the fire commissioner in permitting the defendant corporation to do the acts complained of, and the sole question now remaining for consideration is whether the commissioner has the power to permit defendant corporation, in the discharge of its business, to connect its wires with the city fire alarm telegraph system, so as to communicate an alarm of fire directly to fire headquarters, instead of compelling notice to be given by pulling the signal in the fire alarm box in the usual way.

It cannot be disputed that the more speedy method of sending an alarm of fire is preferable, not only for the earlier opportunity afforded of extinguishing the fire, but for the equally important purpose of preventing its spread to other property. But this would not justify the permission given by the fire commissioner, if it contravened the language or spirit of the statutes. I am unable, however, to find any provision of law cited by the learned counsel for plaintiff in their carefully prepared brief which prohibits the granting of the permission heretofore given by the commissioner. The adequacy of the consideration therefor does not come before the court for determination; nor do the acts complained of constitute a loaning or granting of property by the municipality to a private corporation.

In deciding that plaintiff is not entitled to the relief sought, I do not determine that defendant corporation has any right to maintain the overhead wires which it concededly has strung. On the contrary, I believe them to be maintained in clear violation of the law. But relief as to that situation cannot be given in this action upon the present state of the pleadings.

Judgment in favor of defendants, with costs. Let the decision and judgment herein be settled on notice.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, and MILLER, JJ.

M. Hare, for appellant.

C. L. Barber and C. Blandy, for respondents.

PER CURIAM. Judgment affirmed, with costs, on opinion of Dowling, J., in the court below. Order filed.

---

### BLEISTIFT v. DIENER et al.

(Supreme Court, Appellate Term. May 4, 1911.)

1. LANDLORD AND TENANT (§ 114*)—HOLDING OVER AFTER TERM—RIGHTS OF LANDLORD.

Where a tenant under a demise for a year or more holds over after the end of the term without a new agreement with the landlord, the landlord may elect to treat him either as a tenant from year to year, and in all other respects as holding upon the terms of the original lease, or may treat him as a trespasser, but cannot treat him as both.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §. 379; Dec. Dig. § 114.*]

2. LANDLORD AND TENANT (§ 114*)—HOLDING OVER AFTER TERM.

In such a case, where the tenants held over for about half a month, and a few days thereafter the landlord sent a man to their new place of business to demand the keys, which they delivered up, the landlord made a conclusive election not to treat them as tenants under an im-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.